AO 106 (Rev. 04/10) Application for a Search Warrant

FILED
RECEIVED
AUG 27 2018
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
DEPUTY

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
 ) Case No. MJ18-5201
Six cellular phones, more particularly described in )
Attachment A )
 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, attached hereto and incorporated by reference herein.

located in the  Western  District of  Washington , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached hereto and incorporated by reference herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a), 846 | conspiracy to distribute controlled substances, distribution, and possession with intent to distribute controlled substances |

The application is based on these facts:

See Affidavit of DEA Special Agent Steven Meyer, attached hereto and incorporated by reference herein.

☐ Continued on the attached sheet.

☑ Delayed notice of  90  days (give exact ending date if more than 30 days:  11/25/2018 ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Steven Meyer, Speical Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/27/2018

*Judge's signature*

City and state: Tacoma, Washington     David W. Christel, United States Magistrate Judge
*Printed name and title*

USAO 2018R00760

# AFFIDAVIT

STATE OF WASHINGTON )
) ss
COUNTY OF PIERCE )

I, Steven Meyer, Special Agent, Drug Enforcement Administration, United States Department of Justice, being first duly sworn on oath, depose and state:

## AFFIANT BACKGROUND AND EXPERIENCE

1. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

2. I am a Special Agent with the Drug Enforcement Administration (DEA), and have been since March 2017. I am currently assigned to the Seattle Field Division, Tacoma Resident Office. Prior to my employment with the DEA, I worked as a Uniformed Officer with the Secret Service in Washington D.C., from June 2006 to April 2009. I received formal training at the DEA Basic Agent Training in Quantico, Virginia. The four-month Basic Academy included comprehensive, formalized instruction in, among other things: basic narcotic investigations, drug identification and detection, familiarization with United States narcotics laws, financial investigations and money laundering, identification and seizure of drug-related assets, organized crime investigations, physical and electronic surveillance, and undercover operations.

3. During the course of my law enforcement career, I have been involved in investigations of numerous criminal offenses, including the offenses involved in this current investigation. I have participated in criminal investigations of illicit drug trafficking organizations, ranging from street-level dealers to major dealers, to include Mexico-based drug trafficking organizations. These investigations have also included the

AFFIDAVIT OF STEVE MEYER
USAO 2018R00760

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

unlawful importation, possession with intent to distribute, and distribution of controlled substances; the related laundering of monetary instruments; the conducting of monetary transactions involving the proceeds of specified unlawful activities; and conspiracies associated with criminal narcotics offenses. These investigations have included use of the following investigative techniques: confidential informants; undercover agents; analysis of pen register, trap and trace, and toll records; physical and electronic surveillance; wiretaps; and the execution of search warrants. I have had the opportunity to monitor, listen to, review transcripts and line sheets (prepared by linguists) documenting the content of intercepted conversations involving the trafficking of cocaine, heroin, methamphetamine, and other narcotics, by persons who used some form of code to thwart law enforcement. I have also interviewed defendants at the time of their arrests and have debriefed, spoken with, or interviewed numerous drug dealers or confidential sources (informants) at proffer interviews who were experienced in speaking in coded conversations over the telephone. I have gained knowledge regarding the various methods, techniques, codes, and/or jargon used by drug traffickers in the course of their criminal activities, including their use of cellular telephones and other electronic devices to facilitate communications while avoiding law enforcement scrutiny.

4. I have participated in the investigation described herein since April 2018. I have obtained the facts set forth in this Affidavit through personal participation in the investigation described below, from the review of consensually recorded calls to date, from oral and written reports of other law enforcement officers, from records, documents and other evidence obtained during this investigation, and from confidential sources who are associated with, and have knowledge about the subjects of this investigation and their confederates. I have obtained and read official reports prepared by various law enforcement officers in other related investigations by other agencies. Since I am submitting this Affidavit for the limited purpose of obtaining authorization to search the cellular phones described herein, I have not included every fact known concerning this

AFFIDAVIT OF STEVE MEYER
USAO 2018R00760

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

investigation. I have set forth only the facts that I believe are essential to establish the necessary foundation for the issuance of such warrants.

## PURPOSE OF AFFIDAVIT

5. This Affidavit is submitted in support of an application to search the cellular phones described below and in Attachment A, for evidence, fruits and instrumentalities of violations of Title 21, United States Code, Sections 841 and 846 (drug distribution, possession with intent to distribute, and conspiracy), as described in this Affidavit and in Attachment B. Since the seizure of these devices on August 17, 18, and 22, 2018, they have remained in the secure custody of law enforcement:

   a) A black Apple iPhone 10, seized from Jackson SUTER at 200 Moe Street NE, Poulsbo, Washington, on August 17, 2018 (referred to herein as SUBJECT DEVICE 1);

   b) A white and gray Samsung Galaxy S8, seized from Apartment 36 in the Hillsider 50 Apartment Complex at 19630 Ash Crest Loop NE, Poulsbo, Washington, on August 18, 2018 (referred to herein as SUBJECT DEVICE 2);

   c) A black Verizon Cosmos 2, seized from Apartment 36 in the Hillsider 50 Apartment Complex at 19630 Ash Crest Loop NE, Poulsbo, Washington, on August 22, 2018 (referred to herein as SUBJECT DEVICE 3);

   d) A black iPhone 8 Plus, seized from Apartment 36 in the Hillsider 50 Apartment Complex at 19630 Ash Crest Loop NE, Poulsbo, Washington, on August 22, 2018 (referred to herein as SUBJECT DEVICE 4);

   e) A white and gray iPhone 6 Plus, seized from Apartment 36 in the Hillsider 50 Apartment Complex at 19630 Ash Crest Loop NE, Poulsbo, Washington, on August 18, 2018 (referred to herein as SUBJECT DEVICE 5); and

AFFIDAVIT OF STEVE MEYER
USAO 2018R00760

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

f) A black and gray iPhone 6 Plus, seized from Apartment 36 in the Hillsider 50 Apartment Complex at 19630 Ash Crest Loop NE, Poulsbo, Washington, on August 18, 2018 (referred to herein as SUBJECT DEVICE 6).

6. The information set forth in this Affidavit consists of information I have gathered and observed firsthand through the course of this investigation to date, as well as information relayed to me by other law enforcement personnel, including officers from the Poulsbo Police Department. I have set forth only the facts that I believe are essential to establish the necessary foundation for the issuance of the search warrants for the above-referenced Subject Devices.

## CONFIDENTIAL SOURCES

7. Confidential Source 1 (CS1) is cooperating with the DEA and the West Sound Narcotics Enforcement Team (WestNET) to investigate Jackson SUTER's cocaine distribution organization, as explained in more detail below. CS1 has no felony convictions, and has one gross misdemeanor conviction for Assault in 2014. CS1 is working with the DEA and WestNET in exchange for financial consideration. CS1 has assisted members of WestNET in previous investigations and WestNET found his/her information to be consistently truthful and reliable during those investigations.

## SUMMARY OF PROBABLE CAUSE

8. Over the course of approximately the past five months, DEA agents and WestNET detectives have been investigating Jackson SUTER's cocaine distribution organization. SUTER and his associates are known to distribute cocaine at bars and nightclubs in/around Poulsbo and Bremerton, Washington. Based on information gathered through my and other law enforcement officers' interviews, we believe that SUTER can acquire kilogram-quantities of cocaine, and keeps large amounts of cash on hand. CS1 informed investigators that SUTER uses multiple distributors in the operation, to include Michael LENTZ and Alex BULLARD.

AFFIDAVIT OF STEVE MEYER
USAO 2018R00760

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

***Controlled Purchase #1***

9. On April 16, 2018, agents arranged a controlled purchase of cocaine from SUTER, utilizing CS1. While in the presence of agents, CS1 spoke to SUTER to confirm the time and location of the deal. During the conversation, SUTER informed CS1 that Michael LENTZ would complete the deal, and it would take place at the Central Market at 20148 10th Avenue NE, Poulsbo, Washington. CS1 met with LENTZ at the Central Market and successfully purchased the cocaine. Investigators searched CS1 and his/her vehicle before and after the purchase, and found no contraband items. Special Agent Jeremy Tan field-tested the drugs, as witnessed by me, and they tested positive for cocaine.

10. Surveillance units confirmed that, prior to the deal, LENTZ traveled from his residence at 21117 Norby Drive, Poulsbo, Washington, to SUTER's house at 21482 Big Valley Road, Poulsbo, Washington, then to the Central Market. Following the deal, LENTZ drove directly back to SUTER's residence.

***Controlled Purchase #2***

11. On May 3, 2018, agents arranged a controlled purchase of 2 ounces of cocaine from SUTER for $2,800, again utilizing CS1. While in the presence of agents, CS1 confirmed with SUTER the time and location of the deal, which again would be the Central Market. CS1 met with SUTER at the Central Market, and successfully purchased the cocaine. Special Agent Tan field-tested the drugs, as witnessed by me, and they tested positive for cocaine. Investigators searched CS1 and his/her vehicle before and after the purchase, and found no contraband items. During the post-buy debrief of CS1, he/she informed agents that SUTER was no longer living at 21482 Big Valley Road, Poulsbo, Washington, and was now at the Hillsider 50 Apartment Complex, sharing Apartment 36 with Ben McMULLEN.

//

//

AFFIDAVIT OF STEVE MEYER
USAO 2018R00760

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

### *Identification of SUTER's Supplier*

12. On June 14, 2018, agents attempted to conduct another controlled purchase from SUTER, for 2 ounces of cocaine, utilizing CS1. However, prior to the deal, SUTER contacted CS1 and asked if he/she could drive him (SUTER) to Tacoma in order to resupply. Agents directed CS1 to accept SUTER's offer and drive him to meet the supplier. At approximately 8:25 p.m., SUTER confirmed he was ready to go, and told CS1 to come and pick him up. Prior to CS1's departure, agents searched CS1 and his/her vehicle for contraband, with nothing found.

13. At approximately 8:30 p.m., surveillance units observed SUTER leave his apartment, with a zipped up backpack, and enter CS1's vehicle. Surveillance units followed CS1, with SUTER, from the apartment to the Emerald Queen Casino at 2024 East 29th Street, Tacoma, Washington, and then to the Walmart at 20307 Mountain Highway East, Spanaway, Washington. SUTER informed CS1 that the supplier had changed the location to Walmart to save time. SUTER described the supplier as being older, likely parked in a handicapped space at the Walmart.

14. At approximately 10:20 p.m., agents observed SUTER exit CS1's vehicle, with the zipped up backpack, and walk towards the Walmart. DEA Task Force Officer (TFO) Eric Jansen observed SUTER approach a large Polynesian-looking individual and begin to speak with him. Resident Agent in Charge (RAC) Ian McKenzie, on foot at the Walmart, described the individual as having a full beard, two tattoos on his neck, and using an electric wheel chair. SUTER and the unidentified Polynesian male moved to a gray Dodge Charger (TV1), bearing Washington license AXM0809, parked in a handicapped parking spot. The Washington Department of Licensing (DOL) indicates the registered owner of the vehicle is Jonathan MOANALE at 20112 14th Avenue Court East, Spanaway, Washington. RAC McKenzie confirmed the DOL photo of MOANALE matched the individual who met with SUTER. RAC McKenzie observed SUTER walk back to CS1's vehicle with the backpack unzipped.

AFFIDAVIT OF STEVE MEYER
USAO 2018R00760

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

15. SUTER informed CS1 that he had made the money drop, but that the supplier (MOANALE) did not have the cocaine. However, he (MOANALE) had promised to deliver it to SUTER the next day, June 15, 2018. CS1 and SUTER agreed to complete their deal for the 2 ounces of cocaine after SUTER had been resupplied.

16. At approximately 10:45 p.m., TFO Jansen observed TV1 parked at 20112 14th Avenue Court East, Spanaway, Washington.

17. On June 15, 2018, at around 8:30 p.m., CS1 contacted agents to say SUTER was ready to do the deal. He/she believed SUTER had met the supplier (MOANALE) sometime in the late afternoon or early evening.

***Controlled Purchase #3***

18. On June 19, 2018, agents directed CS1 to contact SUTER and make the controlled purchase originally planned for June 14, 2018. While in the presence of agents, CS1 confirmed the deal would take place at the Hillsider 50 Apartment Complex, Apartment 36, at approximately 8:00 p.m. Agents provided CS1 with $2,800 in buy money to purchase the drugs. CS1 met with SUTER at the apartment, and successfully purchased one ounce of cocaine for $1,300. Special Agent Tan field-tested the drugs, as witnessed by me, and they tested positive for cocaine. Investigators searched CS1 and his/her vehicle before and after the purchase, and found no contraband items. During the debriefing of CS1 after the controlled purchase, he/she informed agents that SUTER was not happy with the quality of the cocaine, and only wanted to sell one ounce.

***SUTER Resupply #1***

19. On June 26, 2018, SUTER asked CS1 to drive him to resupply in Tacoma, Washington. CS1 told agents SUTER was expecting to pick up 9 ounces of cocaine. Additionally, SUTER said he would introduce CS1 to his supplier, and they could discuss the possibility of acquiring fentanyl (China White). Agents directed CS1 to call SUTER and confirm he/she would be available to go. At approximately 6:05 p.m., SUTER informed CS1 he was ready, and told him/her to come and pick him (SUTER) up. Prior

AFFIDAVIT OF STEVE MEYER
USAO 2018R00760

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

to CS1's departure, agents searched CS1 and his/her vehicle for contraband, with nothing found.

20. At approximately 6:15 p.m., surveillance units observed SUTER leave his apartment, with a white backpack, and enter CS1's vehicle. They followed CS1, with SUTER, from the apartment to the Emerald Queen Casino at 2024 East 29th Street, Tacoma, Washington, and then to a residence at 4668 Court Q, Tacoma, Washington. Agents observed SUTER and CS1 meet MOANALE on the porch, and sit down. According to CS1, SUTER started the conversation by telling MOANALE that he (SUTER) only had $9,500 of the $10,000, and would have to pay him the rest in a few days. CS1 has stated that SUTER always brings at least $10,000 with him when resupplying, depending on the amount he (SUTER) is buying. SUTER also introduced CS1. MOANALE and CS1 discussed the possibility of buying fentanyl ("China White"), agreeing on a price of $2,500 per ounce. MOANALE explained that he did not have the fentanyl on hand, and would have to get it. CS1 asked if it would be possible within the week, and MOANALE confirmed it would, but said CS1 would have to go through SUTER. The meeting concluded, and MOANALE informed SUTER he would have to come back later to pick up the cocaine.

21. At approximately 10:00 p.m., agents observed CS1's vehicle return to 4668 Court Q, Tacoma, Washington. CS1 and SUTER exited the vehicle, walked to the porch area, and made small talk with MOANALE. Shortly thereafter, a silver 2007 Chrysler Aspen, bearing Washington license BJE9723 (TV2), arrived at the residence with two unidentified male occupants. Washington DOL records indicate the registered owner of the vehicle is Yonn Chang at 752 South 88th Street, Tacoma, Washington. Agents conducted a search of any additional individuals connected to the 752 South 88th Street address in the Washington DOL database, and identified three names: Leon Som KHA, Vuthy UNG, and Ma Bun YOU. After later showing DOL photos of KHA, UNG, and

AFFIDAVIT OF STEVE MEYER
USAO 2018R00760

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

YOU to CS1, he/she confirmed that KHA and UNG were the two males that arrived in TV2.

22. At approximately 10:10 p.m., agents observed KHA, UNG, SUTER, and CS1 leave, while MOANALE stayed at the residence. KHA, UNG, and SUTER got into TV2, while CS1 drove his/her vehicle. Surveillance teams followed both vehicles north to the Doubletree Hilton Hotel Seattle Airport at 18740 International Boulevard, Seattle, Washington. TV2 stopped next to a new Durango-style vehicle with two unidentified occupants inside. The passenger, an unidentified black male, exited and moved to TV2's passenger window. Moments later, the unidentified black male walked back to his vehicle and got in. All three vehicles exited the hotel, but split up a short time later. TV2 and CS1's vehicle went west on 188th Street, while the Durango-style vehicle went east.

23. At approximately 11:40 p.m., agents observed TV2 and CS1's vehicle pull into the Westwood Village at 2600 Southwest Barton Street, Seattle, Washington. The vehicles moved alongside a blue 2014 Nissan Altima, bearing Washington license AXE5187, and parked. Surveillance units observed an unidentified Hispanic male in the passenger seat of the Altima exit the vehicle, walk to the backseat of TV2, walk back to the Altima, then back to TV2's backseat, before returning to the Altima. Shortly thereafter, the Altima, TV2, and CS1's vehicle departed the location. Later that evening, CS1 told agents that SUTER had successfully acquired 9 ounces of cocaine. Agents believe SUTER acquired the drugs from the unidentified Hispanic male in the Altima.

***Surveillance of SUTER Resupply #2***

24. On July 10, 2018, surveillance units observed SUTER resupply in Seattle, Washington with his supplier (MOANALE). At approximately 5:45 p.m., WestNET detective Cory Manchester observed SUTER leave his apartment, enter a 2004 BMW, bearing Arizona license BVV2990, and depart the area. Surveillance units followed SUTER to 4668 Court Q, Tacoma, Washington, where he parked in front of the residence.

AFFIDAVIT OF STEVE MEYER
USAO 2018R00760

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

25. At approximately 6:50 p.m., WestNET detective Jason Bowman observed TV2 arrive at 4668 Court Q. MOANALE, with an unidentified Polynesian female, exited the vehicle and walked into the residence. Shortly thereafter, SUTER exited the BMW, with a white backpack, and walked into the residence. Both SUTER and MOANALE came outside and sat on the porch after a few minutes.

26. At approximately 7:30 p.m., Detective Bowman observed a 2002 bronze Cadillac arrive at 4668 Court Q. MOANALE walked to the vehicle and got in. Simultaneously, SUTER moved to the BMW and got in. Surveillance units observed both vehicles leave the residence and drive to the Mount Baker Rowing and Sailing Center at 3800 Lake Washington Boulevard, Seattle, Washington.

27. At approximately 8:40 p.m., I observed MOANALE, Leon KHA, and Ma Bun YOU exit the Cadillac, walk to a 2018 Mercedes, and interact with an unidentified black male. Shortly thereafter, MOANALE walked to SUTER's vehicle and got into the front passenger seat. They sat inside SUTER's vehicle for approximately five minutes, and then got out. Agents believe MOANALE supplied SUTER with cocaine during that meeting. At approximately 9:00 p.m., SUTER got back into the BMW and departed the area. MOANALE, KHA, and YOU left approximately ten minutes later.

**Overdoses at SUTER's Apartment**

28. On August 17, 2018, at approximately 11:39 a.m., first responders received an emergency 9-1-1 call from SUTER, who stated that an unidentified female was unresponsive in his apartment. Paramedics responded to the scene and discovered the female dead, with three others in the apartment unconscious. Paramedics administered Naloxone to the surviving victims, and transported them to the hospital.

29. At approximately 12:20 p.m., Poulsbo Police Department detectives arrived at the Hillsider 50 complex, Apartment 36, and spoke with SUTER, who was not advised of his *Miranda* rights at the time. SUTER admitted to removing items from the apartment prior to calling authorities, which he put in a backpack in his BMW's trunk.

AFFIDAVIT OF STEVE MEYER
USAO 2018R00760

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Detectives read a consent to search card to SUTER for the BMW, and he agreed detectives could search the trunk. The subsequent search resulted in the seizure of a white backpack containing, among other items, a square-shaped dinner plate. The dinner plate later tested positive for methamphetamine, cocaine, and fentanyl. Detectives took SUTER to the Poulsbo police station for additional questioning. Prior to this interview, Poulsbo detective Lee Wheeler read SUTER his *Miranda* rights; SUTER acknowledged the advisement and continued talking. Additionally, detectives seized SUBJECT DEVICE 1 from SUTER's person and entered it into evidence.

30. The next day, August 18, 2018, at approximately 1:00 a.m., Poulsbo and WestNET detectives, with the assistance of Washington's National Guard Civil Support Team (CST), executed state search warrants on SUTER's apartment and vehicle. Detectives seized SUBJECT DEVICES 2, 5, and 6 from the apartment and entered them into evidence. Additionally, CST technicians performed testing on the handle of a security safe in SUTER's room; the test results came back positive for fentanyl. The search of SUTER's vehicle resulted in the seizure of suspected cocaine and a small portable scale.

31. On August 22, 2018, at approximately 1:30 p.m., Poulsbo detectives executed an additional search warrant at SUTER's apartment. They seized SUBJECT DEVICES 3 and 4 at that time and entered them into evidence.

## COMMON CHARACTERISTICS OF DRUG TRAFFICKERS

32. Based upon my training, experience, and participation in this and other investigations involving drug trafficking, my conversations with other experienced investigators, and interviews of individuals who have been involved in the trafficking of methamphetamine, heroin, oxycodone, and other drugs, I have learned and know the following.

AFFIDAVIT OF STEVE MEYER
USAO 2018R00760

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

33. Drug traffickers use mobile electronic devices, including cellular telephones, to conduct their illegal trafficking business. As described below, such equipment often contains evidence of these illegal activities.

34. Traffickers of controlled substances commonly maintain addresses, vehicles, or telephone numbers which reflect names, addresses, vehicles, and/or telephone numbers of their suppliers, customers, and associates in the trafficking organization, and it is common to find drug traffickers keeping records of said associates in cellular telephones and other electronic devices. Traffickers often maintain cellular telephones for ready access to their clientele and to maintain their ongoing narcotics business. Traffickers frequently change their cellular telephone numbers to avoid detection by law enforcement, and it is common for traffickers to use more than one cellular telephone at any one time.

35. Drug traffickers use cellular telephones as a tool or instrumentality in committing their criminal activity. They use them to maintain contact with their suppliers, distributors, and customers. They prefer cellular telephones because, first, they can be purchased without the location and personal information that land lines require. Second, they can be easily carried to permit the user maximum flexibility in meeting associates, avoiding police surveillance, and traveling to obtain or distribute drugs. Third, they can be passed between members of a drug conspiracy to allow substitution when one member leaves the area temporarily. Since cellular phone use became widespread, every drug dealer I have interacted with has used one or more cellular telephones for his or her drug business. I also know that it is common for drug traffickers to retain in their possession phones that they previously used, but have discontinued actively using, for their drug trafficking business. Based on my training and experience, the data maintained in a cellular telephone used by a drug dealer is evidence of a crime or crimes. This includes the following:

AFFIDAVIT OF STEVE MEYER
USAO 2018R00760

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

a. The assigned number to the cellular telephone (known as the mobile directory number or MDN), and the identifying telephone serial number (Electronic Serial Number (ESN), Mobile Identification Number (MIN), International Mobile Subscriber Identity (IMSI) number, or International Mobile Equipment Identity (IMEI) number). These are important evidence because they reveal the service provider, allow agents to obtain subscriber information, and uniquely identify the telephone. This information can be used to obtain toll records, to identify contacts by the particular telephone with other cellular telephones used by co-conspirators, to identify other telephones used by the same subscriber or purchased as part of a package, and to confirm if the telephone was contacted by a cooperating source.

b. The stored list of recent received calls and sent calls. This is important evidence because it identifies telephones recently in contact with the telephone user. This is valuable information in a drug investigation because it will identify telephones used by other members of the organization, such as suppliers, distributors and customers, and it confirms the date and time of contacts. If the user is under surveillance, it identifies what number he called during or around the time of a surveilled drug transaction or meeting. Even if a contact involves a telephone user not part of the conspiracy, the information is helpful (and thus is evidence) because it leads to friends and associates of the user who can identify the user, help locate the user, and provide information about the user. Identifying a defendant's law-abiding friends is often just as useful as identifying his drug-trafficking associates.

c. Stored text messages. These are important evidence, similar to stored numbers. Agents can identify both drug associates, and friends of the user

AFFIDAVIT OF STEVE MEYER
USAO 2018R00760

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

who likely have helpful information about the user, his location, and his activities.

    d. Photographs on a cellular telephone. These are important evidence because they help identify the user, either through his or her own picture, or through pictures of friends, family, and associates that can identify the user. Pictures also identify associates likely to be members of the drug trafficking organization. Some drug traffickers photograph groups of associates, sometimes posing with weapons and showing identifiable gang signs. Also, digital photos often have embedded "geocode" information within them. Geocode information is typically the longitude and latitude where the photo was taken. Showing where the photo was taken can have evidentiary value. This location information is helpful because, for example, it can show where coconspirators meet, where they travel, and where assets might be located.

    e. Stored address records. These are important evidence because they show the user's close associates and family members, and they contain names and nicknames connected to phone numbers that can be used to identify suspects.

36. Because drug traffickers in many instances will "front" (i.e., sell on consignment) controlled substances to their clients, or alternatively, will be "fronted" these items from their suppliers, such record keeping is necessary to keep track of amounts paid and owed, and such records will also be maintained close at hand so as to readily ascertain current balances. These records include "pay and owe" records to show balances due for drugs sold in the past (pay) and for payments expected (owe) as to the trafficker's suppliers and distributors, telephone and address listings of clients and suppliers, and records of drug proceeds. These records are commonly kept for an extended period of time. I know that although sometimes these records are kept in paper

AFFIDAVIT OF STEVE MEYER
USAO 2018R00760

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

form, some drug dealers also maintain these records in electronic form on their cellular phone and other electronic devices.

## CONCLUSION

37. Based on the facts set forth in this Affidavit, I believe there is probable cause to believe that, contained within the SUBJECT DEVICES described in Attachment A, there exists evidence, fruits, and instrumentalities, as described in Attachment B, of violations of 21 U.S.C. §§ 841 and 846 (distribution, and possession with intent to distribute, of controlled substances, and conspiracy to do the same).

Steven Meyer,
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me this 27th day of August, 2018.

DAVID W. CHRISTEL
UNITED STATES MAGISTRATE JUDGE

AFFIDAVIT OF STEVE MEYER
USAO 2018R00760

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

# ATTACHMENT A
## SUBJECT DEVICES to be Searched

Since their seizure by the Poulsbo Police Department on August 17, 2018, August 18, 2018, and August 22, 2018, the following cellular phones were maintained in the secure custody of the Poulsbo Police Department and Drug Enforcement Administration (DEA), and are presently located at the DEA's Tacoma Resident Office:

a) A black Apple iPhone 10 seized from Jackson SUTER at 200 Moe Street NE, Poulsbo, Washington on August 17, 2018;

b) A white and gray Samsung Galaxy S8, seized from Apartment 36 in the Hillsider 50 Apartment Complex at 19630 Ash Crest Loop NE, Poulsbo, Washington, on August 18, 2018;

c) A black Verizon Cosmos 2, seized from Apartment 36 in the Hillsider 50 Apartment Complex at 19630 Ash Crest Loop NE, Poulsbo, Washington, August 22, 2018;

d) A black iPhone 8 Plus, seized from Apartment 36 in the Hillsider 50 Apartment Complex at 19630 Ash Crest Loop NE, Poulsbo, Washington, on August 22, 2018;

e) A white and gray iPhone 6 Plus, seized from Apartment 36 in the Hillsider 50 Apartment Complex at 19630 Ash Crest Loop NE, Poulsbo, Washington, on August 18, 2018; and

f) A black and gray iPhone 6 Plus, seized from Apartment 36 in the Hillsider 50 Apartment Complex at 19630 Ash Crest Loop NE, Poulsbo, Washington, on August 18, 2018.

AFFIDAVIT OF STEVE MEYER
USAO 2018R00760

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## ATTACHMENT B

### Items to be seized

From the SUBJECT DEVICES described in Attachment A of this warrant, the government is authorized to search for and seize the following items, which are evidence and/or fruits of the commission of the following crimes: distribution and possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and conspiracy to commit these offenses in violation of Title 21, United States Code, Section 846:

- Assigned telephone number and identifying serial number (e.g., ESN, MIN, IMSI, IMEI);
- Stored list of recent received, sent, or missed calls;
- Stored address records and stored contact information;
- Stored photographs of narcotics, currency, guns or other weapons, suspected criminal activity, and/or the user of the phone or co-conspirators;
- Stored text messages that relate to the above-enumerated federal crimes;
- Stored records, receipts, videos, notes, ledgers, and other documents relating to the distribution of controlled substances and communications between members of the conspiracy; and
- Latent prints.

AFFIDAVIT OF STEVE MEYER
USAO 2018R00760

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800